DAVID J. STEELE, CA Bar No. 209797
Email: djslit@cph.com
CHRISTIE, PARKER & HALE, LLP
18101 Von Karman Avenue, Suite 1950
Irvine, CA 92612-0163
Telephone: (949) 476-0757
Facsimile: (949) 476-8640

HOWARD A. KROLL, CA Bar No. 100981
Email: howard.kroll@cph.com
CHRISTIE, PARKER & HALE, LLP
655 North Central Ave., Suite 2300
Glendale, CA 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiffs
VERIZON CALIFORNIA INC.;
VERIZON TRADEMARK SERVICES LLC; and
VERIZON LICENSING COMPANY

FILED
CLERK U.S. DISTRICT COURT

JAN 2 7 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERIZON CALIFORNIA INC.; VERIZON TRADEMARK SERVICES LLC; and VERIZON LICENSING COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> DIRECTNIC LTD.; PARKED.COM LTD; and DOES 1-10, <br><br> Defendants. | Case No. CV 12-00759 GAF (PJW) <br><br> COMPLAINT FOR CYBERSQUATTING AND CONTRIBUTORY CYBERSQUATTING <br><br> DEMAND FOR TRIAL BY JURY |

1        Plaintiffs, VERIZON CALIFORNIA INC., VERIZON TRADEMARK

2   SERVICES LLC and VERIZON LICENSING COMPANY (collectively,

3   "Plaintiffs") file their complaint against DIRECTNIC LTD., PARKED.COM

4   LTD, and DOES 1-10 (collectively, "Defendants"), for injunctive relief and

5   damages as follows:

6        Plaintiffs allege as follows, upon actual knowledge with respect to

7   themselves and their own acts, and on information and belief as to all other

8   matters.

9   **Parties, Jurisdiction and Venue**

10        1.    Except for allegations based on personal knowledge, such as

11   allegations involving Plaintiffs' business and corporate identity, the allegations in

12   this Complaint are based on information and belief.

13        2.    This is an action for cybersquatting and contributory cybersquatting

14   under 15 U.S.C. § 1125(d).  This Court has subject matter jurisdiction over the

15   claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

16   **Parties and Personal Jurisdiction**

17        3.    Plaintiff Verizon California Inc. is a California corporation with its

18   principal place of business in Thousand Oaks, California ("Verizon California").

19        4.    Plaintiff Verizon Trademark Services LLC is a Delaware limited

20   liability company with its principal place of business in Arlington, Virginia

21   ("Verizon Trademark Services").

22        5.    Plaintiff Verizon Licensing Company is a Delaware corporation with

23   its principal place of business in Arlington, Virginia ("Verizon Licensing").

24        6.    Defendant DirectNIC Ltd. ("DNLTD") is a Cayman Islands

25   registered company with its postal address at P.O. Box 11207, Grand Cayman,

26   Cayman Islands KY1-1008.

27        7.    This Court has personal jurisdiction over DNLTD because it

28   conducts systematic and continuous business within California related to the

CHRISTIE, PARKER & HALE, LLP

unlawful activities at issue in this Complaint.   In addition, DNLTD has undertaken acts of trademark infringement that were purposefully directed at California with knowledge that the brunt of the injury would be felt by Plaintiffs in California.   Furthermore, the Court has personal jurisdiction over DNLTD under the nationwide jurisdiction provision of Rule 4(k)(2) of the Federal Rules of Civil Procedure.

8.   Defendant Parked.com LTD ("Parked") is a Cayman Islands registered company with its postal address at P.O. Box 1314, Grand Cayman, Cayman Islands KY1-1003.

9.   This Court has personal jurisdiction over Parked because it conducts systematic and continuous business within California related to the unlawful activities at issue in this Complaint.   In addition, Parked has undertaken acts of trademark infringement that were purposefully directed at California with knowledge that the brunt of the injury would be felt by Plaintiffs in California. Furthermore, the Court has personal jurisdiction over Parked under the nationwide jurisdiction provision of Rule 4(k)(2) of the Federal Rules of Civil Procedure..

10.   Venue is proper in this judicial district as to the Defendants pursuant to 28 U.S.C. §1391(b)(2), 28 U.S.C. §1391(b)(3), 28 U.S.C. § 1391(c) and/or 28 U.S.C. § 1391(d).

11.   Plaintiffs are not aware of the true names and capacities of Defendants named in this Complaint as Defendants Does 1-10, inclusive, and therefore bring this action against these defendants by such fictitious names. Plaintiffs will amend this Complaint to allege these Defendants' true names and capacities when they are ascertained.

## PLAINTIFFS' BUSINESS

12.   In 2000, Bell Atlantic Corporation and GTE Corporation merged to form Verizon Communications Inc. ("Verizon Communications"). Today,

1   Verizon Communications, its subsidiaries and affiliates, including Plaintiffs
2   Verizon California, Verizon Trademark Services and Verizon Licensing, form
3   one of the largest, well-known telecommunications companies in the world.
4   Verizon Communications' subsidiaries (collectively, the "Verizon Companies")
5   provide a full array of communications, entertainment, IT and security product
6   and service offerings, including local, long distance, and wireless telephone
7   services; Internet access; television services; phones; and related equipment.  The
8   Verizon Companies have extensive operations in the United States and some of
9   the Verizon Companies also have operations throughout the world.

10       13.   A publicly traded company on the New York Stock Exchange and
11   the NASDAQ Global Sector Market, Verizon Communications generated annual
12   consolidated operating revenues in 2010 of $106.6 billion dollars, is a Dow 30
13   company, and ranks in the top twenty (20) of the Fortune 500 list. The Verizon
14   Companies employ a diverse workforce of nearly 196,000 employees.

15       **Plaintiffs' VERIZON and VERIZON WIRELESS Trademarks**

16       14.   Verizon Trademark Services owns the VERIZON and VERIZON
17   WIRELESS trademarks and trade names, as well as logo versions that include a
18   "V Design" above or to the left of the word marks VERIZON and VERIZON
19   WIRELESS (collectively, the "VERIZON Marks").

20       15.   Verizon Licensing is the exclusive licensor of the VERIZON Marks
21   and has granted, directly or indirectly, licenses to use the VERIZON Marks to its
22   parent company, Verizon Communications, and to the various Verizon
23   Companies.

24       16.   The VERIZON Marks were publicized as early as the first week in
25   April 2000, when Cellco Partnership d/b/a Verizon Wireless, then doing business
26   as Bell Atlantic Mobile, began doing business as "Verizon Wireless."  Upon the
27   launch of Verizon Wireless, on or about April 3, 2000, the VERIZON
28   WIRELESS name and trademark and related logos were featured on the Internet,

in television and radio advertisements, and in stories published in major newspapers throughout the United States.

17.     The Verizon Companies have offered and provided a full array of communications, entertainment, IT and security products and services under the VERIZON Marks.

18.     Currently, the Verizon Companies use the VERIZON Marks in connection with the provision of communications, entertainment, IT and security products and services to consumers in the United States and around the world.

19.     The VERIZON Marks are widely known and recognized among consumers and members of the telecommunications industry.

20.     The VERIZON Marks are unique and distinctive and, as such, designate a single source of origin.

21.     The Verizon Companies spend and have spent billions of dollars since 2000 to extensively advertise and promote VERIZON and VERIZON WIRELESS branded products and services in the United States and around the world through a variety of media, including television, radio, print advertisements, direct mail, trade shows, conferences, and the Internet.

22.     As a result of the Verizon Companies' extensive and exclusive use, the VERIZON Marks have developed extensive goodwill in the market and are extremely valuable to the Verizon Companies.  The Verizon Companies expend substantial effort and expense to protect the VERIZON Marks and the VERIZON Marks' distinctiveness in the marketplace.

23.     Having been widely promoted to the general public, and having exclusively identified the Verizon Companies and their products and services, the VERIZON Marks symbolize the tremendous goodwill associated with the Verizon Companies and are a property right of incalculable value. Further, the VERIZON Marks have long enjoyed unquestionable fame as a result of favorable general public acceptance and recognition.

CHRISTIE, PARKER & HALE, LLP

24.     The VERIZON Marks are famous marks protected under 15 U.S.C. § 1125(c).

25.     The Verizon Companies' main Internet websites using the VERIZON Marks and featuring information on many of the products and services of the Verizon Companies can be accessed via the domain names verizon.com, verizon.net, and verizonwireless.com.     Printouts from the websites at verizon.com, verizon.net and verizonwireless.com evidencing such use of the VERIZON Marks are attached to this Complaint as Exhibit 1.

26.     The VERIZON Marks are valid and enforceable trademarks.

27.     Verizon Trademark Services owns the following United States trademark registrations for its various VERIZON Marks:

| Trademark | Reg. No. | Goods/Services | Reg. Date |
|---|---|---|---|
| VERIZON | 2,886,813 | Various goods and services in Int'l Classes 9, 16, 35, 36, 37, 38, 41, and 42. | 9/21/04 |
| VERIZON | 3,085,712 | Various goods and services in Int'l Classes 9, 38, and 41. | 4/25/06 |
| VERIZON | 3,698,653 | Various goods and services in Int'l Classes 36 and 41 | 10/20/09 |
| VERIZON | 3,736,663 | Various goods in Int'l Classes 18, 24, 25 and 28. | 1/12/10 |
| VERIZON | 4,016,510 | Various services in Int'l Class 43. | 8/23/11 |
| verizon | 2,879,802 | Various goods and services in Int'l Classes 9, 16, 35, 36, 37, 38, 41, and 42. | 8/31/04 |

| | | | |
|---|---|---|---|
| VERIZON WIRELESS | 3,657,287 | Various goods in Int'l Class 9. | 7/21/09 |
| VERIZON WIRELESS | 3,077,271 | Various goods and services in Int'l Classes 9, 16, 35, 36, and 38. | 4/4/06 |
| verizon wireless | 3,660,522 | Various services in Int'l Classes 35. | 7/28/09 |
| verizon wireless | 3,657,677 | Various goods and services in Int'l Classes 9 and 35. | 7/21/09 |
| verizon wireless | 2,884,027 | Various goods and services in Int'l Class 38. | 9/14/04 |
| verizon wireless | 3,077,269 | Various goods and services in Int'l Class 9. | 4/4/06 |
| verizon wireless | 3,837,985 | Various services in Int'l Classes 35 and 38. | 8/24/10 |
| verizon wireless | 3,841,493 | Various goods and services in Int'l Classes 16, 35, and 38. | 8/31/10 |

A copy of the registration certificate for each of these registrations is attached to this Complaint as Exhibit 2.

**Plaintiffs' VZ, VZ NAVIGATOR, VZACCESS, VZAPPZONE, VZEMAIL, VZGLOBAL, VZSERVE, VZVOICE, VZW and VZW TONES Trademarks**

28.   Verizon Trademark Services owns the VZ, VZ NAVIGATOR VZACESS, VZAPPZONE, VZEMAIL, VZGLOBAL, VZVOICE, VZW and VZW TONES trademarks (collectively, the "VZ Marks").

1       29.    Verizon Licensing is the exclusive licensor of the VZ Marks, and has

2 granted, directly or indirectly, licenses to use the VZ Marks to the Verizon

3 Companies.

4       30.    The VZ trademark was first used on or about July 3, 2000. The VZW

5 trademark was first used on or about August 15, 2000. The VZACCESS,

6 VZEMAIL, VZGLOBAL and VZVOICE trademarks were first used on or about

7 September 29, 2003.  The VZ NAVIGATOR trademark was first used on or

8 about January 30, 2006. The VZW TONES trademark was first used on or about

9 May 25, 2005.

10       31.    The Verizon Companies have offered and provided a full array of

11 communications and entertainment products and services under the VZ Marks.

12       32.    The Verizon Companies use the VZ Marks to provide wireless voice

13 and data products and/or services to over 107.7 million customers nationwide and

14 use the VZ Marks in connection with the provision of the wireless voice and data

15 products and/or services in interstate commerce.

16       33.    The VZ Marks are widely known and recognized among consumers

17 and members of the telecommunications industry.

18       34.    The VZ Marks are unique and distinctive and, as such, designate a

19 single source of origin.

20       35.    The Verizon Companies spend and have spent significant amounts of

21 money each year since 2000 to advertise and promote the aforementioned

22 products and services in the United States in connection with the VZ Marks.

23       36.    As a result of the Verizon Companies' extensive and exclusive use,

24 the VZ Marks have developed extensive goodwill in the market and are extremely

25 valuable to the Verizon Companies.  The Verizon Companies expend substantial

26 effort and expense to protect the VZ Marks and the VZ Marks' distinctiveness in

27 the marketplace.

28

37.   Having been widely promoted to the general public, and having exclusively identified the Verizon Companies and their products and services, the VZ Marks symbolize the tremendous goodwill associated with the Verizon Companies and are a property right of incalculable value.

38.   The Verizon Companies' main Internet websites using the VZ Marks and featuring information on many of the products and services of the Verizon Companies can be accessed via the domain names verizon.com, verizon.net, verizonwireless.com and vzw.com.   Printouts from these websites showing Plaintiffs' use of the VZ Marks are attached to this Complaint as Exhibit 3.

39.   The VZ Marks are valid and enforceable trademarks.

40.   Verizon Trademark Services owns the following United States trademark registrations for its VZ Marks:

| Trademark | Reg. No. | Goods/Services | Reg. Date |
|---|---|---|---|
| VZ | 3,064,237 | Various goods and services in Int'l Classes 16 and 41. | 2/28/06 |
| VZ | 3,490,085 | Various services in Int'l Class 38. | 8/19/08 |
| VZ NAVIGATOR | 3,720,714 | Various goods and services in Int'l Classes 9 and 39. | 4/21/09 |
| VZACCESS | 2,973,813 | Various services in Int'l Class 38. | 7/19/05 |
| VZAPPZONE | 3,649,847 | Various goods and services in Int'l Classes 9 and 35. | 7/07/09 |
| VZEMAIL | 2,973,814 | Various services in Int'l Class 38. | 7/19/05 |
| VZGLOBAL | 3,083,568 | Various services in Int'l Class 38. | 4/18/06 |

CHRISTIE, PARKER & HALE, LLP

| VZVOICE | 2,973,811 | Various services in Int'l Class 38. | 7/19/05 |
| VZW | 3,319,338 | Various services in Int'l Class 38. | 10/23/07 |
| VZW TONES | 3,657,302 | Various goods and services in Int'l Classes 9 and 35. | 7/21/09 |

41.    A copy of the registration certificate for each of these registrations is attached to this Complaint as Exhibit 4.

42.    Plaintiffs have made a considerable investment and have accrued substantial goodwill in the VERIZON Marks and the VZ Marks (collectively, the "Plaintiffs' Marks").

## DEFENDANTS' BUSINESS

43.    Defendants are serial cybersquatters who register, use, and traffic in domain names that are confusingly similar to famous or distinctive trademarks owned by others, including Plaintiffs' Marks.

44.    Cybersquatters register domain names that are confusingly similar to trademarks in order to attract consumers who are attempting to reach the trademark owner's webpage.   The domain names registered often include a trademark combined with a descriptive word or phrase associated with the trademark (e.g., the trademark FORD and the descriptive phrase "pickup trucks" could be combined in the domain name fordpickuptrucks.com).   Cybersquatters also register common misspelling or mistyping of trademarks, again, to attract consumers who are attempting to reach the trademark owner's webpage (e.g., the misspelling FOORD registered as foord.com).   The aim of the cybersquatter is to register domain names consumers will visit so that advertisements can be displayed. Cybersquatters often target famous trademarks because consumers search for these trademarks online.

45.   Cybersquatters use the registered domain names to host webpages which contain advertisements.   Cybersquatters obtain the advertisements from Internet advertising companies, search engines, or affiliate programs.   When the advertisements are clicked by the consumers, the cybersquatters get paid from the Internet advertising companies, search engines, or affiliate programs.

46.   Because of the civil liability associated with cybersquatting, cybersquatters often employ a number of methods to hide or conceal their true identities, and their involvement in the cybersquatting.   Most cybersquatters will list false identities and other false information in the ownership records for their domain names.   Cybersquatters will even create and use shell companies to conceal the identities of those involved and to frustrate trademark owners' efforts to stop the cybersquatting.

47.   Defendants' activities are entirely consistent with other cybersquatters' activities.   Defendants have registered and used many domain names that are confusingly similar to famous trademarks, including Plaintiffs' famous VERIZON Marks, in order to attract consumers who are attempting to reach the trademark owner's webpage.   Some of Defendants' domain names include a trademark combined with a descriptive word or phrase associated with the trademark (e.g., the trademark VERIZON and the descriptive phrase "account" which was combined in the domain name verizonaccount.com).   Defendants also registered common misspelling or mistyping of trademarks, again, to attract consumers who are attempting to reach the trademark owner's webpage (e.g., the misspelling of VERIZON WIRELESS registered as verizonwiless.com).

48.   Defendants host webpages at the registered domain names which contain advertisements.   When the advertisements are clicked by the consumers Defendants get paid by Internet advertising companies.

49.   To avoid the civil liability associated with their cybersquatting, Defendants, or their predecessor in interest, employ a number of methods to hide their true identities and involvement in the cybersquatting operation. Defendants, or their predecessor in interest, list false identities and false information in the ownership records for their domain names.  Defendants, or their predecessor in interest, have also created and used a number of shell-companies, alter egos and false identities to conceal their true identities and their involvement in the cybersquatting.

**Defendants' Concealment of Their Identities**

50.   Defendants, or their predecessor in interest, have used shell-companies, alter egos or false identities including, but not limited to, NOLDC, Inc.; Spiral Matrix; Kenyatech a/k/a Kentech; Speedy Web; Unused Domains, and Belize Domain WHOIS Service Lt. (collectively, the "False Identities") to conceal their true identities and their involvement in the registration of, use of, and trafficking in domain names that are identical or confusingly similar to the distinctive trademarks of others.  Attached to this Complaint as Exhibit 5 are printouts of several Internet reports that chronicle the activities of several of the False Identities and their interconnected business activities.  Attached to this Complaint as Exhibit 6 are several decisions under the Uniform Domain Name Dispute Resolution Policy ("UDRP"), in which Panelists concluded that many of these entities were aliases for each other.

51.   While some of these UDRP decisions were published before Defendant DIRECTNIC LTD. began operating its registrar business, this registrar business was formerly operated by DIRECTNIC LTD.'s predecessor in interest, Intercosmos Media Group, Inc. dba DirectNIC.com ("IMG"), and at all time material to this action has been controlled by the same individuals. Attached to this Complaint as Exhibit 7 is a press release issued by DIRECTNIC LTD.'s

predecessor in interest, IMG stating that despite the change in ownership, "the same individuals will still be here..."

52.    At all times material to this action, each of the Defendants and the False Identities, was the agent, servant, employee, partner, alter ego, subsidiary, or joint venture of each of the other Defendants and False Identities and that the acts of each of the Defendants and each of the False Identities were in the scope of such relationship.

53.    At all times material to this action, in doing the acts or failing to act as alleged in the Complaint, each of the Defendants and the False Identities acted with the knowledge, permission, and the consent of each of the other Defendants and False Identities.

54.    At all times material to this action, each of the Defendants and False Identities aided and abetted each of the other Defendants and False Identities in the acts or omissions alleged in this Complaint.

55.    One or more of the False Identities were listed as the registrants within the WHOIS records for thousands of Internet domain names that were registered and/or used for the benefit of the Defendants.

**Defendants' Business Operations**

56.    DNLTD is a registrar of Internet domain names accredited by the Internet Corporation for Assigned Names and Numbers ("ICANN"), a California corporation.

57.    Parked is a monetizer of domain names.  Parked, on behalf of Defendants and Defendants' customers, provides a website accessible at domain names that displays links to advertisements, or that displays advertisements, or that displays or triggers pop-up and pop-under advertisements (the "Parked Monetization Service").

58.    DNLTD has entered into a written contract with ICANN in which DNLTD agreed to submit to the jurisdiction of this Court.

59.     Parked has entered into a written contract with Yahoo!, a California corporation, to assist Parked in its monetization services.  Yahoo! pays Parked money for the monetization of domain names.

60.     DNLTD has entered into a written contract with The Producers, Inc. ("TPI"), a Florida corporation doing business in Florida and Louisiana, in which TPI is contractually obligated to provide computer programming, general administrative, customer service and marketing services related to DNLTD's domain name registration.     This business arrangement required daily communications between DNLTD and TPI.

61.     DNLTD has entered into a written contract with KeyPath LLC ("KeyPath"), a Florida corporation doing business in Florida and Louisiana, in which KeyPath is contractually obligated to provide computer programming, general administrative, customer service and marketing services related to DNLTD's domain name registration.  This business arrangement requires daily communications between DNLTD and KeyPath.

62.     Parked has entered into a written contract with TPI in which TPI is contractually obligated to provide computer programming, general administrative, customer service and marketing services related to the monetization services provided by Parked.  This business arrangement required daily communications between DNLTD and Parked.

63.     Parked has entered into a written contract with KeyPath in which KeyPath is contractually obligated to provide computer programming, general administrative, customer service and marketing services related to the monetization services provided by Parked.  This business arrangement required daily communications between DNLTD and Parked.

64.     Parked is the owner of the PARKED trademark (Registration Number 3701201).  Parked has verified that Parked uses the PARKED mark in commerce in the United States.

65.     DNLTD maintains a bank account in Florida in order to pay its accounts payables.

66.     DNLTD is the owner of the DIRECTNIC trademark (Registration Number 3173227).   DNLTD has verified that DNLTD uses the DIRECTNIC mark in commerce in the United States.

67.     Most of the customers of DNLTD are located in the United States.

68.     Most of the customers of Parked are located in the United States.

69.     Defendants, in connection with their ICANN registrar business, provide a service which intentionally hides or obscures the actual name of the registrant of domain names (the "Whois Privacy Service").   The Whois Privacy Service lists several "company names" such as "Whois Privacy, LLC" or "Belize Domain WHOIS Service Ltd." as the registrant of the domain name in the whois record instead of the actual name of the registrant.   Each of the Defendants profit from the Whois Privacy Service.

70.     Each of the Defendants directly uses the Whois Privacy Service to hide or obscure its/his involvement in the registration, use, or trafficking in, of domain names that infringe the rights of others, including Plaintiffs' rights.

71.     Each of the Defendants has received numerous actual notices that the Whois Privacy Service was used by registrants who have registered, used or trafficked in domain names that infringe the rights of others.

72.     One or more of the listed "company names" listed by Defendants' Whois Privacy Service has been named as the respondent in UDRP complaints.

73.     Each of the Defendants directly uses the Parked Monetization Service in connection with each of the Defendants' cybersquatting on domain names that infringe the rights of others, including Plaintiffs' rights.

74.     Each of the Defendants has received numerous actual notices that the Parked Monetization Service was used by registrants who have registered, used or trafficked in domain names that infringe the rights of others.

**Defendants' Registration, Use, and Trafficking In**

**Domain Names That Are Confusingly Similar to Trademarks**

75.     Defendants have registered, and/or used, and/or provided the Whois Privacy Service to hide or obscure the actual registrant of, and/or provided the Parked Monetization Service, for hundreds of thousands of domain names that are confusingly similar to the distinctive trademarks of other trademark owners (collectively, the "Confusingly Similar Domain Names"). A list of some of these Confusingly Similar Domain Names is attached to this Complaint as Exhibit 8. Notwithstanding that nearly every single famous trademark in existence has been targeted, for the sake of brevity Exhibit 8 details only one famous trademark for each letter of the alphabet. Printouts of historic WHOIS data for a sample of the Confusingly Similar Domain Names is attached to this Complaint as Exhibit 9.

76.     Defendants used many of the Confusingly Similar Domain Names to divert for commercial gain Internet users searching for well-known or famous trademarks.

77.     Defendants operate websites at many of the Confusingly Similar Domain Names which display Hypertext Markup Language ("HTML") links within a directory featuring goods or services that are directly competitive with those sold or provided in connection with the famous or distinctive trademarks.

78.     When Internet users clicked on one or more of the displayed HTML links on the websites at many of the Confusingly Similar Domain Names that Defendants received payments from one or more advertisers, search engines, or affiliate programs.

**Defendants' Registration, Use, and Trafficking In Domain Names**

**That Are Confusingly Similar to Plaintiffs' Marks**

79.     Plaintiffs have not authorized Defendants to use the Plaintiffs' Marks in any way.

1
2
3

80.   Defendants have registered, used or trafficked in, over 660 domain names which are confusingly similar to Plaintiffs' Marks, including at least the following:

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| 0verizon.net | flagstaffverizonphones.com |
| 1verizon.com | flagstaffverizonwireless.com |
| 22verizon.net | freeverizoncellphonewallpaper.com |
| 2verizon.net | frizone.com |
| 3verizon.com | fverizon.com |
| 4verizon.net | gamesverizon.com |
| 5verizon.com | gerizon.net |
| 5verizon.net | gerizonwireless.net |
| 6verizon.com | goodfridayatverizonamphitheatre.com |
| 6verizon.net | gverizon.com |
| 7verizon.net | gverizon.net |
| 8verizon.com | homeverizon.com |
| 8verizon.net | hverizon.net |
| 9verizon.com | jverizon.com |
| 9verizon.net | jverizon.net |
| accessoriesforverizon.com | kverizon.net |
| accessoriesforverizon.net | lverizonwireless.com |
| activatemyfiosverizon.net | mobileverizonwireless.com |
| amberzon.com | mobileverizonwireless.net |
| berizone.com | mverizon.net |
| berizone.net | myaccountatverizonwireless.com |
| berizonwireless.net | myaccountatwwwverizonwireless.co |
| businessverizon.net | m |
| bverizon.net | myverixon.com |
| cerizon.com | myverizionwireless.com |
| cerizon.net | myverizo.com |
| cerizonwireless.net | myverizom.com |
| chicagoverizon.com | myverzon.com |
| discoverion.com | myvirizon.com |
| dlsverizon.com | newverizonringtones.com |
| domainver9zon.com | nverizon.net |
| downloadfreeringtoneverizon.com | onlineverizonwireless.net |
| dverizon.com | overizon.com |
| dverizon.net | overizon.net |
| evrizonwireless.net | phoneverizon.com |
| ferizonwireless.net | phoneverizon.net |
| flagstaffverizon.com | phoneverizonwireless.com |

CHRISTIE, PARKER & HALE, LLP

| | | |
|---|---|---|
| 1 | pverizon.com | vedizonwireless.net |
| 2 | pverizon.net | vedrizonwireless.com |
| | questverizon.com | veeizon.net |
| 3 | quickverizon.net | veeizonwireless.net |
| 4 | qverizon.com | veerizon.com |
| | qverizon.net | veerizonwireless.net |
| 5 | qwestverizone.com | vefizon.net |
| 6 | qwestvrizon.com | vefizonwireless.net |
| | rsa385verizon.com | vefrizonwireless.com |
| 7 | rverizon.com | veirizonwireless.net |
| 8 | rverizon.net | veisonvcast.com |
| | rversong.com | veisonwireless.com |
| 9 | serviceverizon.com | veizonfios.com |
| 10 | serviceverizon.net | veizonwireless.net |
| | team-vz.com | veizonwirless.com |
| 11 | tverizon.com | ver8zon.com |
| 12 | tverizon.net | ver8zon.net |
| | uverizon.com | ver8zonwireless.net |
| 13 | uverizon.net | ver9zon.com |
| 14 | v-wireless-cellphones.com | ver9zon.net |
| 15 | v3rizon.com | ver9zonwireless.net |
| | v3rizon.net | verazionwireless.com |
| 16 | v3rizonwireless.net | verazonline.com |
| 17 | v4rizon.com | verazonwireles.com |
| | v4rizon.net | verazonwireless.com |
| 18 | v4rizonwireless.net | verfizon.com |
| 19 | vaerizon.com | verfizonwireless.com |
| | varaizon.com | verhizon.com |
| 20 | varizionwireless.com | veri8zon.com |
| 21 | varizon.com | veri9zon.com |
| | varizonwirless.com | veri9zon.net |
| 22 | vberizon.com | veriaonwireless.net |
| 23 | vcerizon.com | veriizon.com |
| | vdrizonwireless.net | veriizonwireless.net |
| 24 | ve4izon.net | verikzon.com |
| 25 | ve4izonwireless.net | verinwireless.com |
| | ve5izon.com | verinzonwireless.com |
| 26 | ve5izon.net | verioh.com |
| 27 | ve5izonwireless.net | verionfios.com |
| | vedioneeds.com | verionphones.com |
| 28 | vedizon.net | veriontracker.com |

| | | |
|---|---|---|
| 1 | verionwireless.net | verizionwirelessrebates.com |
| 2 | veriosonwireless.com | verizionwirelss.com |
| 3 | veriozen.com | verizionwirerless.com |
| | veriozionwireless.com | verizionwirles.com |
| 4 | verisionvoyager.com | verizizon.net |
| 5 | verisonbusiness.com | verizkn.net |
| | verisoncellular.com | verizknwireless.com |
| 6 | verisone.com | verizknwireless.net |
| 7 | verisonfiostv.com | verizln.net |
| | verisonlgvoyager.com | verizlnwireless.net |
| 8 | verisonmobile.com | verizn.com |
| 9 | verisonmusic.com | verizn.net |
| | verisonn.com | veriznowireless.net |
| 10 | verisons.com | veriznwireless.net |
| 11 | verisonvireless.com | verizo0n.net |
| | verisonvisa.com | verizo9n.net |
| 12 | verisonwirelees.com | verizobwireless.net |
| 13 | verisonwireles.com | verizodsl.com |
| | verisonwirelessarena.com | verizoh.com |
| 14 | verisonwiress.com | verizoh.net |
| 15 | veriszon.com | verizohn.com |
| | veriuzon.net | verizohwireless.net |
| 16 | verixon.com | verizoj.com |
| 17 | verixoncentral.com | verizoj.net |
| | verixonwireless.net | verizojn.com |
| 18 | verixzon.com | verizojwireless.net |
| 19 | veriz0nwireless.net | verizomfios.com |
| | veriz9n.net | verizomn.com |
| 20 | veriz9nwireless.net | verizomwireless.com |
| 21 | verizinfios.com | verizomwireless.net |
| | verizinwireless.net | verizon-accessories.com |
| 22 | verizioncell.com | verizon-mifi.com |
| 23 | verizioncellphones.com | verizon-phone.net |
| | verizioncellphones.net | verizon-phones.com |
| 24 | veriziondsl.com | verizon-ringtones.net |
| 25 | verizionjobs.com | verizon-wireles.net |
| | verizionsurround.com | verizon0.com |
| 26 | verizionvoyager.com | verizon0.net |
| 27 | verizionwhitepages.com | verizon101.com |
| | verizionwireleess.com | verizon22.net |
| 28 | verizionwirelessphones.com | verizon2ireless.net |

CHRISTIE, PARKER & HALE, LLP

| | |
|---|---|
| 1 | verizon3.net |
| 2 | verizon3ireless.net |
| 3 | verizon4.com |
| | verizon4.net |
| 4 | verizon5.com |
| 5 | verizon5.net |
| | verizon6.com |
| 6 | verizon6.net |
| 7 | verizon7.com |
| | verizon7.net |
| 8 | verizon8.com |
| 9 | verizon8.net |
| | verizon9.net |
| 10 | verizona.net |
| 11 | verizonaccessories.net |
| | verizonaccessory.com |
| 12 | verizonaccessory.net |
| 13 | verizonaccount.com |
| | verizonaireless.net |
| 14 | verizonbestoffer.com |
| 15 | verizonbilling.com |
| | verizonc.net |
| 16 | verizoncelllphone.com |
| 17 | verizoncellphone.com |
| | verizoncelluar.com |
| 18 | verizoncellulor.com |
| 19 | verizoncenter.net |
| | verizoncentertickets.com |
| 20 | verizoncentertickets.net |
| 21 | verizoncom.net |
| | verizonconferencecall.net |
| 22 | verizoncorporateservices.com |
| 23 | verizoncup.com |
| | verizond.net |
| 24 | verizondirect.com |
| 25 | verizondiscounts.com |
| | verizondslmail.com |
| 26 | verizondslservice.net |
| 27 | verizonecom.com |
| | verizonecom.net |
| 28 | verizoneireless.net |

verizonemessaging.com
verizonemessaging.net
verizonephones.com
verizonewireless.net
verizonewirelesss.com
verizonexpress.com
verizonf.com
verizonf.net
verizonfears.com
verizonfeos.com
verizonfiosinternet.com
verizonfioz.com
verizonflagstaff.com
verizonflash.net
verizong.com
verizong.net
verizongames.com
verizonh.net
verizonhawai.com
verizoni.net
verizonimpulse.com
verizoninpulse.com
verizonintranet.com
verizonireless.net
verizoniwreless.net
verizonj.net
verizonjob.com
verizonjuke.com
verizonk.com
verizonk.net
verizonlongdistancerates.com
verizonmensajes.com
verizonmessage.net
verizonmificost.com
verizonmifipricing.com
verizonmireless.com
verizonmobilephones.com
verizonmobiles.com
verizonmobiles.net
verizonmymsn.com
verizonmypix.com

CHRISTIE, PARKER & HALE, LLP

| | |
|---|---|
| 1 | verizonmyprepaid.com | verizonsprint.com |
| 2 | verizonnetmail.com | verizonstorelocations.com |
| 3 | verizonnetworkwireless.com | verizonsupport.com |
| | verizonnorth.com | verizontheatre.com |
| 4 | verizonnwireless.net | verizontickets.net |
| 5 | verizono.net | verizontracker.com |
| | verizonon.net | verizontv.net |
| 6 | verizononlinedsl.com | verizonu.com |
| 7 | verizononlinemail.com | verizonu.net |
| | verizonopenaccess.com | verizonv.com |
| 8 | verizonp.net | verizonv.net |
| 9 | verizonpantech.com | verizonvenus.com |
| | verizonphone.com | verizonvireless.com |
| 10 | verizonphonebook.com | verizonvisaaccountonline.com |
| 11 | verizonphoneplans.com | verizonvoyagers.com |
| | verizonphonez.com | verizonw.com |
| 12 | verizonpic.com | verizonw.net |
| 13 | verizonpixplace.com | verizonw8reless.net |
| | verizonplan.com | verizonw9reless.net |
| 14 | verizonplan.net | verizonwebmail.com |
| 15 | verizonplans.net | verizonweriles.com |
| | verizonprepaidphone.com | verizonwhitepages.net |
| 16 | verizonprepaidwireless.com | verizonwi4eless.net |
| 17 | verizonprepay.com | verizonwi5eless.com |
| | verizonq.net | verizonwi5eless.net |
| 18 | verizonqireless.net | verizonwideless.net |
| 19 | verizonr.net | verizonwieeless.net |
| | verizonrazorphones.com | verizonwieless.net |
| 20 | verizonrazrphones.com | verizonwierles.com |
| 21 | verizonrebate.com | verizonwierless.net |
| | verizonrebatecenter.com | verizonwierlesspr.com |
| 22 | verizonresidential.com | verizonwifeless.net |
| 23 | verizonringbacktone.com | verizonwiireless.net |
| | verizonringbacktones.com | verizonwikreless.com |
| 24 | verizonringtones-4-less.com | verizonwilerless.com |
| 25 | verizonservice.com | verizonwiless.com |
| | verizonservice.net | verizonwilreless.com |
| 26 | verizonsfreedomscam.com | verizonwir3less.net |
| 27 | verizonsignup.com | verizonwir4less.net |
| | verizonsireless.net | verizonwirdless.net |
| 28 | verizonsouthcollege.com | verizonwireeless.com |

| | | |
|---|---|---|
| 1 | verizonwireeless.net | verizonwirelesss.net |
| 2 | verizonwireelss.net | verizonwirelessservice.com |
| 3 | verizonwireess.net | verizonwirelessservice.net |
| | verizonwireiess.com | verizonwirelessstore.com |
| 4 | verizonwirekess.net | verizonwirelesssync.com |
| 5 | verizonwirel3ss.net | verizonwirelessvzw.com |
| | verizonwirel4ss.net | verizonwirelessw.com |
| 6 | verizonwireldss.net | verizonwirelesw.net |
| 7 | verizonwireleas.net | verizonwirelesx.net |
| | verizonwireleds.net | verizonwirelesxs.com |
| 8 | verizonwirelees.net | verizonwirelesz.net |
| 9 | verizonwireleespr.com | verizonwirelews.net |
| | verizonwireleess.net | verizonwirelexs.net |
| 10 | verizonwireles.com | verizonwirelexx.com |
| 11 | verizonwirelesa.net | verizonwirelezs.net |
| | verizonwirelesd.net | verizonwirelless.net |
| 12 | verizonwirelese.net | verizonwireloess.com |
| 13 | verizonwirelessbilling.com | verizonwirelrss.net |
| 14 | verizonwirelesscell.com | verizonwirelses.net |
| | verizonwirelesscell.net | verizonwirelss.com |
| 15 | verizonwirelesscellphones.net | verizonwirelss.net |
| 16 | verizonwirelesscellular.com | verizonwirelsss.net |
| | verizonwirelesscellular.net | verizonwirelwess.com |
| 17 | verizonwirelesscellularphone.com | verizonwirelwss.net |
| 18 | verizonwirelesscellularphone.net | verizonwireoess.net |
| | verizonwirelesscom.net | verizonwirepess.net |
| 19 | verizonwirelessdiscount.com | verizonwirerles.com |
| | verizonwirelesse.com | verizonwirerless.com |
| 20 | verizonwirelessfamily.com | verizonwirleess.net |
| 21 | verizonwirelessfamily.net | verizonwirreless.net |
| | verizonwirelessfamilyplans.com | verizonwirrless.com |
| 22 | verizonwirelessgetdiscount.com | verizonwirrless.net |
| 23 | verizonwirelessinternet.net | verizonwirsless.net |
| | verizonwirelessmyprepaid.com | verizonwirwless.net |
| 24 | verizonwirelessmyprepay.com | verizonwiteless.net |
| 25 | verizonwirelessprepaidphones.com | verizonwitrless.com |
| | verizonwirelessredhot.com | verizonwjreless.net |
| 26 | verizonwirelessringbacktones.com | verizonwkreless.net |
| 27 | verizonwirelessringtone.com | verizonwlireless.com |
| | verizonwirelessringtone.net | verizonworeless.net |
| 28 | verizonwirelessringtones.net | verizonwreless.com |

| | | |
|---|---|---|
| 1 | verizonwreless.net | versizon.net |
| 2 | verizonwrieless.net | versonringtones.com |
| | verizonwureless.net | versontraker.com |
| 3 | verizonwwireless.net | verszonwireless.com |
| 4 | verizonx.net | veruzinwireless.com |
| 5 | verizony.com | veruzon.net |
| | verizony.net | veruzonwireless.com |
| 6 | verizonz.com | veruzonwireless.net |
| 7 | verizonz.net | vervizon.com |
| 8 | verizoonwireless.net | vervizonwireless.com |
| | verizovwireless.com | verwisonwireless.com |
| 9 | verizowireless.net | verwizonwireless.com |
| 10 | verizowirelesssurvey.com | veryzonewireless.com |
| 11 | verizowirless.com | veryzonewireless.net |
| | verizownireless.net | veryzonwireles.com |
| 12 | verizpn.com | veryzonwireless.com |
| 13 | verizpn.net | veryzonwireless.net |
| | verizpnwireless.net | veryzonwirless.com |
| 14 | verizson.com | verzinslich.com |
| 15 | verizunwireless.com | verzinwireless.com |
| | verizwireless.com | verzionwireless.com |
| 16 | verizzonwireless.net | verzonwirelesssurvey.com |
| 17 | verjon.com | vetizon.net |
| | verjzon.com | vetizonwireless.net |
| 18 | verjzon.net | vferizon.com |
| 19 | verjzonwireless.net | vgerizon.com |
| | verkzon.net | vierzionwireless.com |
| 20 | verkzonwireless.net | viizon.com |
| 21 | verlzon.com | viraizon.com |
| | verlzon.net | virazonwireless.com |
| 22 | veroizonwireless.com | vireizon.com |
| 23 | veroxon.com | virison.com |
| | verozon.net | virisonwireless.com |
| 24 | verozonwireless.com | virixonwireless.com |
| 25 | verozonwireless.net | virizionwireless.com |
| | verozonwirless.com | virizonfios.com |
| 26 | verrizonphones.com | virizonwireless.com |
| 27 | verrizonwireless.com | virozonwireless.com |
| | verrizonwireless.net | virzon.net |
| 28 | verrzonwireless.com | virzonewireless.com |
| | versisonwireless.com | vizonwireless.com |

| | |
|---|---|
| 1 | vorizanwireless.com | vzwonlinealbum.com |
| 2 | vorizen.com | vzwpixplace.com |
| 3 | vorizin.com | vzwprepay.com |
| 4 | vreizon.com | vzwpx.com |
| 5 | vreizonwireless.net | vzwringtonesdelux.com |
| 6 | vreizonwirless.com | vzxpix.com |
| 7 | vrizin.com | wbillpayverizonwireless.com |
| 8 | vrizonetfsettlement.com | webmailverizon.net |
| 9 | vrizonewireless.com | wifiverizon.com |
| 10 | vrizonwireless.net | wirelesssynchvzw.com |
| 11 | vrrizon.net | wirelesssynvzw.com |
| 12 | vrtizonwireless.com | wverizon.net |
| 13 | vsrizon.net | wwverizon.com |
| 14 | vsrizonwireless.net | wwverizon.net |
| 15 | vverizon.net | www-verizon.net |
| 16 | vverizonwireless.net | wwwavizon.com |
| 17 | vvzwpix.com | wwwqwestverizon.com |
| 18 | vweizon.com | wwwvarizon.com |
| 19 | vwrizon.com | wwwveraizon.com |
| 20 | vwrizon.net | wwwverizon-wireless.com |
| 21 | vwrizonwireless.net | wwwverizon-wireless.net |
| 22 | vwrizonwirless.com | wwwverizon.net |
| 23 | vzaccessmanager.com | wwwverizonblitz.com |
| 24 | vzcard.com | wwwverizoncom.com |
| 25 | vzcard.net | wwwverizoncom.net |
| 26 | vzcards.com | wwwverizone.com |
| 27 | vzchat.com | wwwverizone.net |
| 28 | vzhost.com | wwwverizonecom.com |
|  | vzhost.net | wwwverizonecom.net |
|  | vzimage.com | wwwverizonewireless.com |
|  | vzimage.net | wwwverizonewireless.net |
|  | vznavagator.com | wwwverizonmessaging.com |
|  | vznavigation.com | wwwverizonmessaging.net |
|  | vzness.com | wwwverizonnet.com |
|  | vzonesnetwork.com | wwwverizonnet.net |
|  | vzpics.com | wwwverizonringtone.com |
|  | vzvideo.com | wwwverizonwireles.com |
|  | vzw-bb.com | wwwverizonwireles.net |
|  | vzwdeluxe.com | wwwverizonwireless.net |
|  | vzwierless.com | wwwverizonwirelesscom.com |
|  | vzwirelessringtones.com | wwwverizonwirelesscom.net |

CHRISTIE, PARKER & HALE, LLP

| | |
|---|---|
| wwwverizpn.com | xverizon.com |
| wwwverozon.com | xverizon.net |
| wwwverrizon.com | yverizon.com |
| wwwvzwpixplace.com | yverizon.net |
| wwwwverizon.com | zverizon.com |
| wwwwverizon.net | zverizon.net |

(collectively, the "Infringing Domain Names").

81.     Each of the Infringing Domain Names is confusingly similar to at least one of the Plaintiffs' Marks.

82.     One or more of the Defendants, False Identities, or Defendants' customers was the registrant for many of the Infringing Domain Names. Printouts of historic WHOIS data for a sample of the Infringing Domain Names showing a Defendant or False Identity as the Registrant are attached to this Complaint as Exhibit 10.

83.     Defendants used many of the Infringing Domain Names to divert for commercial gain Internet users searching for the Plaintiffs' Marks.

84.     Defendants operated websites at many of the Infringing Domain Names which displayed HTML links featuring goods or services that are directly competitive with those sold or provided in connection with the Plaintiffs' Marks.

85.     When Internet users clicked on one or more of the displayed HTML links on the websites at many of the Infringing Domain Names that Defendants received payments from one or more advertisers, search engines, or affiliate programs.

### Defendants' Registration, Monetization, and
### Trafficking of Expiring Domain Names

86.     DNLTD becomes the registrant of many domain names that have expired but have not yet been deleted.   These expired domain names were registered through DNLTD as the registrar.

CHRISTIE, PARKER & HALE, LLP

-25-

87.   Defendants use, for their own benefit, many domain names that have expired, but have not yet been deleted, to operate websites that display links to pay-per-click advertisements. Many of these expired domain names are confusingly similar to the distinctive trademarks of other trademark owners (collectively, the "Expired Confusingly Similar Domain Names"). A list of some of these Expired Confusingly Similar Domain Names is attached to this Complaint as Exhibit 11. Printouts of historic WHOIS data for a sample of the Expired Confusingly Similar Domain Names listing DNLTD as the Registrant are attached to this Complaint as Exhibit 12.

88.   DNLTD also became the registrant of many of the Infringing Domain Names that had expired but had not yet been deleted. WHOIS data for numerous expired domain names is attached to this Complaint as Exhibit 13. (Several of the whois data lists IMG as the registrar, notwithstanding that the WHOIS data was captured after IMG's ICANN accreditation was transferred to DNLTD).

89.   DNLTD used many of the Infringing Domain Names that had expired, but had not yet been deleted, to operate websites that display links to pay-per-click advertisements.

90.   Parked monetized many of the Infringing Domain Names that had expired, but had not yet been deleted.

### HARM TO PLAINTIFFS AND THE GENERAL PUBLIC

91.   Defendants' unauthorized registration and use of the Infringing Domain Names create a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Infringing Domain Names, and is likely to falsely suggest a sponsorship, connection, license, or association of Defendants, and the Infringing Domain Names, with Plaintiffs.

CHRISTIE, PARKER & HALE, LLP

-26-

92.     Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and their long-used and federally registered trademarks.

93.     Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public who has an inherent interest in being free from confusion, mistake, and deception.

## FIRST CAUSE OF ACTION

### [Cybersquatting on Plaintiffs' Marks

### Under 15 U.S.C. § 1125(d)]

94.     Plaintiffs reallege and incorporate by reference each of the paragraphs above as though fully set forth here.

95.     Defendants registered, trafficked in or used the Infringing Domain Names.

96.     The Plaintiffs' Marks were distinctive and federally registered at the USPTO at the time Defendants registered and used the Infringing Domain Names.

97.     The Infringing Domain Names are confusingly similar to Plaintiffs' Marks.

98.     Defendants registered, trafficked in, or used the Infringing Domain Names in bad faith and with a bad faith intent to profit from Plaintiffs' Marks.

99.     Defendants do not have any intellectual property rights or any other rights in Plaintiffs' Marks.

100.    None of the Infringing Domain Names consist of the legal name of any Defendant, nor a name that is otherwise commonly used to identify any Defendant.

101.    Defendants have not made any prior use of any of the Infringing Domain Names in connection with the bona fide offering of any goods or services.

102.   Defendants have not made any bona fide fair use of the Plaintiffs' Marks on a website accessible under any of the Infringing Domain Names.

103.   Defendants registered and used the Infringing Domain Names to divert consumers from Plaintiffs' websites to websites accessible under the Infringing Domain Names for Defendants' commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of these websites.

104.   Defendants provided material and misleading false contact information when applying for the registration of the Infringing Domain Names.

105.   Defendants intentionally failed to maintain accurate contact information in connection with the registration of the Infringing Domain Names.

106.   Defendants have engaged in a pattern of providing material and misleading false contact information when applying for the registration of domain names.

107.   Defendants have acquired multiple domain names which Defendants know are identical or confusingly similar to marks of others that were distinctive at the time of registration of such domain names, or dilutive of famous marks of others that were famous at the time of registration of such domain names.

108.   The VERIZON Marks are famous within the meaning of 15 U.S.C. § 1125(c).

109.   Many of the Infringing Domain Names are identical or confusingly similar to the Plaintiffs' Marks.

110.   Defendants' registration, use, or trafficking in the Infringing Domain Names constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiffs to relief.

111.   Defendants engaged in the above activities complained of above with a bad faith intent to profit from the registration or maintenance of the Infringing Domain Names.

112.   By reason of Defendants' acts alleged herein, Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

113.   By reason of Defendants' acts alleged herein, Plaintiffs are entitled to recover Defendants' profits, actual damages and the costs of the action, or statutory damages under 15 U.S.C. § 1117, on election by Plaintiffs, in an amount of one hundred thousand dollars ($100,000) per domain name infringement.

114.   This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### SECOND CAUSE OF ACTION

### [Contributory Cybersquatting on Plaintiffs' Marks

### Under 15 U.S.C. § 1125(d)]

115.   Plaintiffs reallege and incorporate by reference each of the paragraphs above as though fully set forth here.

116.   Defendants contributed to the registration or use of the Infringing Domain Names.

117.   Defendants provide the Whois Privacy Service in connection with the registration or use of the Infringing Domain Names, and profit from the Whois Privacy Service.

118.   Defendants are able to monitor the registration and use of the Whois Privacy Service.

119.   Defendants have control over the Whois Privacy Service.

120.   Defendants are aware that the Whois Privacy Service is used by registrants who have registered, used or trafficked in domain names that infringe the rights of others, including Plaintiffs' rights.

121. Defendants continue to supply the Whois Privacy Service with knowledge that the services are used by registrants to infringe the rights of others, including Plaintiffs' rights.

122. Defendants provide the Parked Monetization Service in connection with the registration or use of the Infringing Domain Names, and profit from the Parked Monetization Service.

123. Defendants are able to monitor the use of the Parked Monetization Service.

124. Defendants have control over the Parked Monetization Service.

125. Defendants are aware that the Parked Monetization Service is used by registrants who have registered, used or trafficked in domain names that infringe the rights of others, including Plaintiffs' rights.

126. Defendants continue to supply the Parked Monetization Service with knowledge that the services are used by registrants to infringe the rights of others, including Plaintiffs' rights.

127. Plaintiffs' Marks were distinctive and federally registered at the USPTO at the time Defendants registered the Infringing Domain Names.

128. The Infringing Domain Names are confusingly similar to Plaintiffs' Marks.

129. Defendants or their customers registered, trafficked in, or used the Infringing Domain Names in bad faith and with a bad faith intent to profit from Plaintiffs' Marks.

130. Neither Defendants nor Defendants' customers have any intellectual property rights or any other rights in Plaintiffs' Marks.

131. The Infringing Domain Names do not consist of the legal name of any Defendant, nor any person or entity to whom Defendants supplied the Whois Privacy Service or Parked Monetization Service.

132.   Defendants, and any person or entity to whom Defendants supplied the Whois Privacy Service or Parked Monetization Service, have not made any prior use of any of the Infringing Domain Names in connection with the *bona fide* offering of any goods or services.

133.   Defendants, and any person or entity to whom any Defendant supplied the Whois Privacy Service or Parked Monetization Service, have not made any *bona fide* fair use of Plaintiffs' Marks on a website accessible under any of the Infringing Domain Names.

134.   Defendants, or a person or entity to whom Defendants supplied the Whois Privacy Service or Parked Monetization Service, registered and used the Infringing Domain Names to divert consumers from Plaintiffs' websites to websites accessible under the Infringing Domain Names for Defendants' commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of these websites.

135.   Defendants, or a person or entity to whom Defendants supplied the Whois Privacy Service or Parked Monetization Service, provided material and misleading false contact information when applying for the registration of the Infringing Domain Names.

136.   Defendants intentionally failed to maintain accurate contact information in connection with the registration of the Infringing Domain Names.

137.   Defendants, or a person or entity to whom Defendants supplied the Whois Privacy Service or Parked Monetization Service, have engaged in a pattern of providing material and misleading false contact information when applying for the registration of domain names.

138.   Defendants, or a person or entity to whom Defendants supplied the Whois Privacy Service or Parked Monetization Service, have acquired multiple domain names which they knew were identical or confusingly similar to marks of others that were distinctive at the time of registration of such domain names, or

1    dilutive of famous marks of others that were famous at the time of registration of

2    such domain names.

3         139.   The VERIZON Marks are famous within the meaning of

4    15 U.S.C. § 1125(c).

5         140.   Many of the Infringing Domain Names are identical or confusingly

6    similar to Plaintiffs' Marks.

7         141.   The registration, use, or trafficking in the Infringing Domain Names

8    by Defendants, or a person or entity to whom Defendants supplied the Whois

9    Privacy Service or Parked Monetization Service, constitutes cybersquatting in

10   violation of 15 U.S.C. § 1125(d), entitling Plaintiffs to relief.

11        142.   Defendants supplied the Whois Privacy Service or Parked

12   Monetization Service with a bad faith intent to profit from the registration or

13   maintenance of the Infringing Domain Names.

14        143.   Defendants' supplying the Whois Privacy Service or Parked

15   Monetization Service constitutes contributory cybersquatting in violation of

16   15 U.S.C. § 1125(d), entitling Plaintiffs to relief.

17        144.   By reason of Defendants' acts alleged herein, Plaintiffs' remedy at

18   law is not adequate to compensate them for the injuries inflicted by Defendants.

19   Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief

20   pursuant to 15 U.S.C. § 1116.

21        145.   By reason of Defendants' acts alleged herein, Plaintiffs are entitled

22   to recover Defendants' profits, actual damages and the costs of the action, or

23   statutory damages under 15 U.S.C. § 1117, on election by Plaintiffs, in an amount

24   of One Hundred Thousand Dollars ($100,000) per domain name infringement.

25        146.   This is an exceptional case making Plaintiffs eligible for an award of

26   attorneys' fees under 15 U.S.C. § 1117.

27

28

CHRISTIE, PARKER & HALE, LLP

# REQUEST FOR RELIEF

Therefore, Plaintiffs respectfully request judgment as follows:

1.    That the Court enter a judgment that all Defendants:

    a)    have violated the rights of Plaintiffs in the Plaintiffs' Marks in violation of 15 U.S.C. § 1125(d);

    b)    be ordered to transfer every domain name they own which is identical or confusingly similar to any of Plaintiffs' Marks to Verizon Trademark Services;

2.    That Defendants their agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with Defendants be preliminarily and permanently enjoined from the following activities:

    a)    Registering, trafficking in, or using, in any manner, any Internet domain name that incorporates, in whole or in part, Plaintiffs' Marks, or any name, mark or designation confusingly similar thereto;

    b)    Using any of Plaintiffs' Marks, or any other name, mark, designation or depiction in a manner that is likely to cause confusion regarding whether Defendants are affiliated or associated with or sponsored by Plaintiffs;

    c)    Registering any Internet domain name that incorporates, in whole or in part, Plaintiffs' Marks, or any name, mark or designation confusingly similar thereto;

    d)    Registering any domain name without providing complete and accurate contact information, including Defendants' full legal name, as the registrant, and not maintaining complete and accurate contact information, including Defendants' full legal name, as the registrant;

| | |
|---|---|
| 1 | e)      Cybersquatting against Plaintiffs or any violation of Plaintiffs' |
| 2 | trademark rights; and |
| 3 | f)      Assisting, aiding or abetting any other person or business |
| 4 | entity in engaging in or performing any of the activities |
| 5 | referred to in subparagraphs 2(a) through 2(e) above; |

1       e)      Cybersquatting against Plaintiffs or any violation of Plaintiffs' trademark rights; and

        f)      Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 2(a) through 2(e) above;

3.      That Defendants be ordered to engage in corrective advertising to the extent necessary to correct any consumer confusion or misperceptions resulting from Defendants' unlawful acts complained of above;

4.      That Defendants be ordered to account to Plaintiffs for, and disgorge, all profits they have derived by reason of the unlawful acts complained of above;

5.      That Defendants be ordered to pay damages, and that those damages be trebled, under 15 U.S.C. § 1117;

6.      That Defendants be ordered to pay statutory damages under 15 U.S.C. § 1117(d), on election by Plaintiffs, in an amount of One Hundred Thousand Dollars ($100,000) per domain name infringement;

7.      That Defendants be ordered to pay Plaintiffs' reasonable attorney fees, prejudgment interest, and costs of this action under 15 U.S.C. § 1117;

8.      That Defendants be ordered to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment within thirty (30) days after the service of the injunction and judgment upon Defendants; and

CHRISTIE, PARKER & HALE, LLP

-34-

1   9.   That Plaintiffs be awarded such other relief as may be appropriate.

2

3                                    CHRISTIE, PARKER & HALE, LLP

4

5
    Dated:  January 27, 2012          By
6                                         David J. Steele
7                                         Howard A. Kroll

8                                    Attorneys for Plaintiffs

9                                    VERIZON CALIFORNIA INC.;
                                     VERIZON TRADEMARK SERVICES LLC
10                                   VERIZON LICENSING COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

**DEMAND FOR TRIAL BY JURY**

Plaintiffs, VERIZON CALIFORNIA INC., VERIZON TRADEMARK SERVICES LLC and VERIZON LICENSING COMPANY, hereby demand a trial by jury to decide all issues so triable in this case.

CHRISTIE, PARKER & HALE, LLP

Dated: January 27, 2012         By

David J. Steele
Howard A. Kroll

Attorneys for Plaintiffs
VERIZON CALIFORNIA INC.
VERIZON TRADEMARK SERVICES LLC
VERIZON LICENSING COMPANY

SCL PAS1139314.6-*-01/27/12 9:06 AM

CHRISTIE, PARKER & HALE, LLP

# Exhibit 1



EXHIBIT i
PAGE 37



EXHIBIT __1__
PAGE __38__



EXHIBIT 1
PAGE 39

# Exhibit 2

**Int. Cls.: 9, 16, 35, 36, 37, 38, 41, and 42**

**Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 50, 100, 101, 102, 103, 104, 106, and 107**

# United States Patent and Trademark Office

**Reg. No. 2,886,813**
**Registered Sep. 21, 2004**

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

## VERIZON

VERIZON TRADEMARK SERVICES LLC (VIRGINIA LTD LIAB CO)
1320 NORTH COURT HOUSE ROAD
8TH FLOOR
ARLINGTON, VA 22201

FOR: TELECOMMUNICATIONS AND INFORMATION TECHNOLOGY EQUIPMENT, COMPONENTS, SUPPLIES AND SYSTEMS, NAMELY, PAGERS, TELEPHONES, COMPUTER PROGRAMS, NAMELY, FINANCIAL ACCOUNTING SYSTEM SOFTWARE, SOFTWARE USED FOR DETECTING AND PREVENTING FRAUD, SOFTWARE USED FOR THE PROVISION OF ONLINE INFORMATION SERVICES, NETWORK MANAGEMENT SOFTWARE, COMPUTER PROXY SOFTWARE FOR USE WITH OTHER SOFTWARE PROGRAMS, BILLING ANALYSIS SOFTWARE, AND SOFTWARE FOR USE IN NETWORK ACCESS CONTROL, AND CREATING AND MAINTAINING FIREWALLS; COMPUTER PROGRAMS FOR ACCESSING A GLOBAL COMPUTER NETWORK AND INTERACTIVE COMPUTER COMMUNICATIONS NETWORK; MACHINE-READABLE, MAGNETICALLY ENCODED CARDS, NAMELY, TELEPHONE CALLING CARDS AND CREDIT CARDS; BLANK SMART CARDS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 4-4-2000; IN COMMERCE 4-4-2000.

FOR: PRINTED MATTER, NAMELY, TELEPHONE DIRECTORIES, BOOKS, NEWSLETTERS, PAMPHLETS, BROCHURES, PRINTED SHEETS AND CARDS, AND INSTRUCTIONAL AND TEACHING MATERIALS ALL IN THE FIELDS OF TELECOMMUNICATIONS, INFORMATION TECHNOLOGY, SAFETY, NEWS, SPORTS, ENTERTAINMENT, CULTURE, BUSINESS AND FINANCE, AND TRAVEL; NON-MAGNETICALLY ENCODED PAPER AND PLASTIC CARDS FOR USE AS TELE-PHONE CALLING CARDS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 4-4-2000; IN COMMERCE 4-4-2000.

FOR: TELEPHONE DIRECTORY SERVICES; ADVERTISING SERVICES, NAMELY, PROMOTING THE GOODS AND SERVICES OF OTHERS THROUGH PRINTED ADVERTISING, PRINTED DIRECTORIES, THROUGH ENCODED MEDIA AND THROUGH THE DISSEMINATION OF PROMOTIONAL MATERIALS; BUSINESS MANAGEMENT SERVICES, EXCLUDING AGRICULTURAL BUSINESS MANAGEMENT SERVICES, AND CONSULTING SERVICES IN THE FIELD OF ADVERTISING; BUSINESS INFORMATION SERVICES IN THE FIELD OF TELECOMMUNICATIONS, ADVERTISING, INFORMATION TECHNOLOGY, MARKETING AND RELATED FIELDS; BILLING SERVICES; DATA PROCESSING SERVICES; RETAIL STORE SERVICES, MAIL ORDER CATALOG SERVICES, AND ELECTRONIC ORDERING SERVICES ALL IN THE FIELDS OF TELECOMMUNICATION AND INFORMATION TECHNOLOGY PRODUCTS; OFFICE EQUIPMENT LEASING SERVICES; PROVIDING TELEPHONE AND INTERNET ADDRESS DIRECTORY INFORMATION VIA TELEPHONE, AND GLOBAL COMMUNICATIONS NETWORKS, PROVIDING INFORMATION VIA TELEPHONE AND GLOBAL COMMUNICATION NETWORKS IN THE FIELD OF BUSINESS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-4-2000; IN COMMERCE 4-4-2000.

FOR: CREDIT CARD SERVICES; TELEPHONE CALLING-CARD SERVICES; PROVIDING INFORMATION VIA A GLOBAL COMMUNICATIONS NETWORK IN THE FIELD OF FINANCE; FINANCIAL SPONSORSHIP OF SPORTS, EDUCATIONAL

EXHIBIT 2
PAGE 40

Int. Cls.: 9, 38, and 41

Prior U.S. Cls.: 21, 23, 26, 36, 38, 100, 101, 104, and 107

## United States Patent and Trademark Office

Reg. No. 3,085,712

Registered Apr. 25, 2006

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

# VERIZON

VERIZON TRADEMARK SERVICES LLC (VIRGI-
NIA LTD LIAB CO)
1320 NORTH COURT HOUSE ROAD
8TH FLOOR
ARLINGTON, VA 22201

FOR: TELEVISIONS AND TELEVISION PERIPH-
ERAL EQUIPMENT, NAMELY, SET BOXES AND
REMOTE CONTROL UNITS FOR INTERACTIVE
AND NON-INTERACTIVE USE, IN CLASS 9 (U.S.
CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-23-2005; IN COMMERCE 5-23-2005.

FOR: TELEVISION BROADCASTING SERVICES;
AND TRANSMISSION AND BROADCAST OF
AUDIO AND VIDEO PROGRAMMING, IN CLASS
38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 5-23-2005; IN COMMERCE 5-23-2005.

FOR: EDUCATIONAL AND ENTERTAINMENT
SERVICES, NAMELY, PROVIDING NEWS, ENTER-
TAINMENT AND GENERAL INFORMATION VIA
TELEVISION, IN CLASS 41 (U.S. CLS. 100, 101 AND
107).

FIRST USE 5-23-2005; IN COMMERCE 5-23-2005.

SN 75-799,005, FILED 9-10-1999.

NAAKWAMA ANKRAH, EXAMINING ATTORNEY

EXHIBIT __2__
PAGE __41__

# United States of America
## United States Patent and Trademark Office

# VERIZON

**Reg. No. 3,698,653**
Registered Oct. 20, 2009

**Int. Cls.: 36 and 41**

**SERVICE MARK**
**PRINCIPAL REGISTER**

VERIZON TRADEMARK SERVICES LLC (DELAWARE LIMITED LIABILITY COMPANY)
9TH FLOOR
1320 NORTH COURT HOUSE ROAD
ARLINGTON, VA 22201

FOR: FINANCIAL SPONSORSHIP OF GOLF TOURNAMENTS, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 5-10-2001; IN COMMERCE 5-10-2001.

FOR: ENTERTAINMENT IN THE NATURE OF GOLF TOURNAMENTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 5-10-2001; IN COMMERCE 5-10-2001.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,879,802, 3,077,271 AND OTHERS.

SER. NO. 77-706,645, FILED 4-3-2009.

JOHN SCHUYLER YARD, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

EXHIBIT   2
PAGE   42

# United States of America

## United States Patent and Trademark Office

# VERIZON

**Reg. No. 3,736,663**
Registered Jan. 12, 2010

**Int. Cls.: 18, 24, 25 and 28**

**TRADEMARK**
**PRINCIPAL REGISTER**

VERIZON TRADEMARK SERVICES LLC (DELAWARE LIMITED LIABILITY COMPANY)
9TH FLOOR
1320 NORTH COURT HOUSE ROAD
ARLINGTON, VA 22201

FOR: SPORTS BAGS; UMBRELLAS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 0-0-2003; IN COMMERCE 0-0-2003.

FOR: GOLF TOWELS, IN CLASS 24 (U.S. CLS. 42 AND 50).

FIRST USE 0-0-2002; IN COMMERCE 0-0-2002.

FOR: CLOTHING, NAMELY, CAPS, JACKETS, SHIRTS, AND VESTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-2000; IN COMMERCE 0-0-2000.

FOR: GOLF EQUIPMENT, NAMELY, DIVOT REPAIR TOOLS, GOLF BALL MARKERS, GOLF BALLS, AND GOLF TEES, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 0-0-2000; IN COMMERCE 0-0-2000.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,879,802, 3,077,271 AND OTHERS.

SER. NO. 77-756,160, FILED 6-10-2009.

MATTHEW PAPPAS, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

EXHIBIT 2
PAGE 43

# United States of America

## United States Patent and Trademark Office

# VERIZON

**Reg. No. 4,016,510**

**Registered Aug. 23, 2011**

**Int. Cl.: 43**

**SERVICE MARK**

**PRINCIPAL REGISTER**

VERIZON TRADEMARK SERVICES LLC (DELAWARE LIMITED LIABILITY COMPANY)
1320 NORTH COURT HOUSE ROAD, 9TH FLOOR
ARLINGTON, VA 22201

FOR: ARENA SERVICES, NAMELY, PROVIDING FACILITIES FOR SPORTS, CONCERTS, CONVENTIONS AND EXHIBITIONS, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 4-0-2000; IN COMMERCE 4-0-2000.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,879,802, 3,085,712, AND OTHERS.

SN 77-896,872, FILED 12-18-2009.

DEIRDRE ROBERTSON, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

EXHIBIT __2__
PAGE __44__

Int. Cls.: 9, 16, 35, 36, 37, 38, 41, and 42

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 50, 100, 101, 102, 103, 104, 106, and 107

## United States Patent and Trademark Office

Reg. No. 2,879,802
Registered Aug. 31, 2004

## TRADEMARK
## SERVICE MARK
## PRINCIPAL REGISTER



VERIZON TRADEMARK SERVICES LLC (DELA-WARE LTD LIAB CO)
1320 NORTH COURT HOUSE ROAD, 8TH FLOOR
ARLINGTON, VA 22201

FOR: TELECOMMUNICATIONS AND INFOR-MATION TECHNOLOGY EQUIPMENT, COMPO-NENTS, SUPPLIES AND SYSTEMS, NAMELY, PAGERS, TELEPHONES, COMPUTER PROGRAMS, NAMELY, FINANCIAL ACCOUNTING SYSTEM SOFTWARE, SOFTWARE USED FOR DETECTING AND PREVENTING FRAUD, SOFTWARE USED FOR THE PROVISION OF ONLINE INFORMATION SERVICES, NETWORK MANAGEMENT SOFT-WARE, COMPUTER PROXY SOFTWARE FOR USE WITH OTHER SOFTWARE PROGRAMS, ALARM MONITORING SOFTWARE, BILLING ANALYSIS SOFTWARE, AND SOFTWARE FOR USE IN NET-WORK ACCESS CONTROL AND CREATING AND MAINTAINING FIREWALLS; COMPUTER PRO-GRAMS FOR ACCESSING A GLOBAL COMPUTER NETWORK AND INTERACTIVE COMPUTER COM-MUNICATIONS NETWORK; MACHINE-READ-ABLE, MAGNETICALLY ENCODED CARDS, NAMELY TELEPHONE CALLING CARDS AND CREDIT CARDS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 4-4-2000; IN COMMERCE 4-4-2000.

FOR: PRINTED MATTER, NAMELY, TELE-PHONE DIRECTORIES, BOOKS, NEWSLETTERS, PAMPHLETS, BROCHURES, PRINTED SHEETS AND CARDS, AND INSTRUCTIONAL AND TEACHING MATERIALS ALL IN THE FIELDS OF TELECOMMUNICATIONS, INFORMATION TECH-NOLOGY, SAFETY, NEWS, SPORTS, ENTERTAIN-MENT, CULTURE, BUSINESS, FINANCE, AND

TRAVEL; NON-MAGNETICALLY ENCODED PA-PER AND PLASTIC CARDS FOR USE AS TELE-PHONE CALLING CARDS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 6-30-2000; IN COMMERCE 6-30-2000.

FOR: TELEPHONE DIRECTORY SERVICES; AD-VERTISING SERVICES, NAMELY, PROMOTING THE GOODS AND SERVICES OF OTHERS THROUGH PRINTED ADVERTISING, PRINTED DIRECTORIES, THROUGH ENCODED MEDIA AND THROUGH THE DISSEMINATION OF PRO-MOTIONAL MATERIALS; BUSINESS MANAGE-MENT SERVICES, EXCLUDING AGRICULTURAL BUSINESS MANAGEMENT SERVICES, AND CON-SULTING SERVICES IN THE FIELD OF ADVERTIS-ING; BUSINESS INFORMATION SERVICES IN THE FIELD OF TELECOMMUNICATIONS, ADVERTIS-ING, INFORMATION TECHNOLOGY, MARKET-ING AND RELATED FIELDS; BILLING SERVICES; DATA PROCESSING SERVICES; RETAIL STORE SERVICES, AND ELECTRONIC ORDERING SERVI-CES IN THE FIELDS OF TELECOMMUNICATION AND INFORMATION TECHNOLOGY PRODUCTS; OFFICE EQUIPMENT LEASING SERVICES; PRO-VIDING TELEPHONE DIRECTORY INFORMA-TION VIA TELEPHONE, AND GLOBAL COMMUNICATIONS NETWORKS; PROVIDING IN-FORMATION VIA TELEPHONE AND GLOBAL COMMUNICATIONS NETWORKS IN THE FIELD OF BUSINESS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 6-30-2000; IN COMMERCE 6-30-2000.

EXHIBIT  2
PAGE  45

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 3,657,287

Registered July 21, 2009

## TRADEMARK
### PRINCIPAL REGISTER

# VERIZON WIRELESS

VERIZON TRADEMARK SERVICES LLC (DELA-
WARE LIMITED LIABILITY COMPANY)
9TH FLOOR
1320 NORTH COURT HOUSE ROAD
ARLINGTON, VA 22201

FOR: MAGNETIC CODED GIFT CARDS, IN
CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-0-2003; IN COMMERCE 5-0-2003.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,884,027, 3,077,271
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "WIRELESS", APART FROM THE
MARK AS SHOWN.

SER. NO. 77-638,153, FILED 12-22-2008.

CHRISTINE BLOMQUIST, EXAMINING ATTOR-
NEY

EXHIBIT 2
PAGE 96

Int. Cls.: 9, 16, 35, 36, and 38

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 50, 100, 101, 102, and 104

**United States Patent and Trademark Office**

Reg. No. 3,077,271
Registered Apr. 4, 2006

## TRADEMARK
### SERVICE MARK
#### PRINCIPAL REGISTER

# VERIZON WIRELESS

VERIZON TRADEMARK SERVICES LLC (DELA-WARE LTD LIAB CO)
1320 NORTH COURT HOUSE ROAD
8TH FLOOR
ARLINGTON, VA 22201

FOR: TELECOMMUNICATIONS AND INFOR-MATION TECHNOLOGY EQUIPMENT, COMPO-NENTS, SUPPLIES AND SYSTEMS, NAMELY, PAGERS AND TELEPHONES; AND MACHINE-READABLE, MAGNETICALLY ENCODED CARDS, NAMELY TELEPHONE CALLING CARDS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 4-4-2000; IN COMMERCE 4-4-2000.

FOR: NON-MAGNETICALLY ENCODED PAPER AND PLASTIC CARDS FOR USE AS TELEPHONE CALLING CARDS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 4-4-2000; IN COMMERCE 4-4-2000.

FOR: TELEPHONE DIRECTORY SERVICES; RE-TAIL STORE SERVICES, MAIL-ORDER CATALOG SERVICES, AND ELECTRONIC ORDERING SERVI-CES IN THE FIELDS OF TELECOMMUNICATION AND INFORMATION TECHNOLOGY PRODUCTS; PROVIDING TELEPHONE AND INTERNET AD-DRESS DIRECTORY INFORMATION VIA TELE-PHONE AND GLOBAL COMMUNICATIONS NETWORKS; PROVIDING INFORMATION VIA TELEPHONE AND GLOBAL COMMUNICATIONS NETWORKS IN THE FIELD OF BUSINESS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-4-2000; IN COMMERCE 4-4-2000.

FOR: TELEPHONE CALLING-CARD SERVICES; PROVIDING INFORMATION VIA THE TELE-PHONE AND THE GLOBAL COMMUNICATIONS NETWORKS IN THE FIELD OF FINANCE; FINAN-CIAL SPONSORSHIP OF SPORTS, EDUCATIONAL AND ENTERTAINMENT PROGRAMS AND EVENTS, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-4-2000; IN COMMERCE 4-4-2000.

FOR: TELECOMMUNICATIONS AND INFOR-MATION TECHNOLOGY SERVICES, NAMELY TRANSMISSION OF VOICE, DATA, IMAGES, AUDIO, VIDEO, AND INFORMATION VIA TELE-PHONE AND GLOBAL COMMUNICATION NET-WORKS; PERSONAL COMMUNICATIONS SERVICES; PAGER SERVICES; ELECTRONIC MAIL SERVICES; PROVIDING MULTIPLE-USER ACCESS TO A GLOBAL COMMUNICATIONS NETWORK; TRANSMISSION AND BROADCAST OF AUDIO AND VIDEO PROGRAMMING; CONSULTING SER-VICES IN THE FIELD OF TELECOMMUNICA-TIONS, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 4-4-2000; IN COMMERCE 4-4-2000.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "WIRELESS", APART FROM THE MARK AS SHOWN.

SN 76-977,975, FILED 3-14-2000.

ZHALEH DELANEY, EXAMINING ATTORNEY

EXHIBIT 2
PAGE 47

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 3,660,522
Registered July 28, 2009

## SERVICE MARK
### PRINCIPAL REGISTER



VERIZON TRADEMARK SERVICES LLC (DELA-
    WARE LIMITED LIABILITY COMPANY)
9TH FLOOR
1320 NORTH COURT HOUSE ROAD
ARLINGTON, VA 22201

FOR: RETAIL STORE SERVICES FEATURING
TELECOMMUNICATION AND INFORMATION
TECHNOLOGY PRODUCTS, IN CLASS 35 (U.S.
CLS. 100, 101 AND 102).

FIRST USE 5-0-2000; IN COMMERCE 5-0-2000.

OWNER OF U.S. REG. NOS. 2,884,027, 3,077,271
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "WIRELESS", APART FROM THE
MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDS "VER-
IZON WIRELESS" APPEARING IN A STYLIZED
FORM.

SER. NO. 77-638,092, FILED 12-22-2008.

CHRISTINE BLOMQUIST, EXAMINING ATTOR-
NEY

EXHIBIT 2
PAGE 48